MICHELE POWER
POWER AND BROWN, LLC
P.O. Box 1809
Bethel, Alaska 99559
Telephone: 907-543-4700
Facsimile: 907-543-3777

CHRISTINE SCHLEUSS
LAW OFFICE OF CHRISTINE SCHLEUSS
733 W. 4th Ave., Suite 401
Anchorage, Alaska 99501
Telephone: 907-222-4635
Facsimile: 907-222-4827

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| Rachel Schierholt and Daryl Schierholt, individually, and on behalf of their minor child, L.S., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. _____ Civ ( _____ ) <br><br> **COMPLAINT FOR DAMAGES** |

For their complaint, plaintiffs, by and through counsel Michele Power and Christine Schleuss, allege as follows:

### Parties and Jurisdiction

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.* Jurisdiction is based on 28 U.S.C. § 1346(a) (2) and 1346(b).

2.       Plaintiff submitted a timely administrative claim based on the facts alleged herein to the Department of Health & Human Services. More than six months has passed since the receipt of that claim, which has been neither admitted nor denied. The claim is deemed by plaintiff to be denied, pursuant to 26 U.S.C. § 2675.

3.       At the time of the conduct that forms the basis for the allegations in plaintiff's Complaint, the Pilot State Clinic and Yukon Kuskokwim Health Corporation ("YKHC") were carrying out a compact agreement with the Indian Health Service, and are deemed to be part of the Indian Health Service in the Department of Health and Human Services of the United States of America pursuant to Public Law 101-512, Title III, section 314.

## Common Factual Allegations

4.       Plaintiffs Rachel Schierholt and Daryl Schierholt are the parents of L.S. (DOB: 12/21/03).

5.       On or about 2002, Rachel Schierholt was prescribed Paxil at the Yukon-Kuskokwim Delta Regional Hospital ("YKDRH"). Under the care of health service providers at YKDRH, Ms. Schierholt continued to take Paxil as prescribed.

6.       On or about May 7, 2003, the providers at YKDRH informed Ms. Schierholt that she was pregnant. From then through the date when she gave birth to L.S., YKDRH continued to prescribe Paxil for Ms. Schierholt and to advise her to continue to take the medication.

7. On December 21, 2003, Ms. Schierholt gave birth to L.S. at YKDRH. The following day, L.S. was transferred to Providence Alaska Medical Center for treatment of tachypnea. On or about October 30, 2006, L.S. was diagnosed with Levocardia.

## First Claim for Relief: Negligence

8. Plaintiffs incorporate by reference all prior allegations herein.

9. The care and control of the treatment of Ms. Schierholt, and the continued prescription of Paxil to her, despite knowing that she was pregnant, and despite the fact the employees knew or should have known, the risk of serious birth defects to a child born to a woman taking Paxil, were performed by employees of the YKHC, through the Department of Health and Human Services, an agency of the United States of America. At all relevant times herein, said employees were acting within the scope of their employment.

10. In the aforesaid control of the care and prescriptions to Ms. Schierholt, the defendant's employees negligently failed to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing.

11. As a proximate result of the negligence of the employees and agents of the defendant, Rachel Schierholt, Daryl Schierholt, and L.S., suffered pecuniary damages.

12. As a proximate result of negligence of the employees and agents of the defendant, Plaintiffs suffered physical injury, emotional distress, pain and suffering, inconvenience, loss of enjoyment of life, in an amount to be proven at trial

### Second Claim for Relief: Negligent Infliction of Emotional Distress

13. Plaintiffs incorporate by reference all prior allegations herein.

14. Defendant's conduct of failing to possess that degree of knowledge and skill ordinarily possessed and exercised at the time by other health care providers in the field or specialty in which they were practicing was the cause of Plaintiffs' damages.

15. Defendant's actions proximately caused Plaintiffs to suffer severe emotional distress which entitle Plaintiffs to be compensated for their damages in an amount to be proven at trial, which shall include but not limited to past and future emotional distress, and past and future lost enjoyment of life; and such other damages as permitted by law.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demand judgment for compensatory damages in excess of $5,000,000, the precise amount to be proven at trial, plus allowable costs, interest, and attorneys' fees.

RESPECTFULLY SUBMITTED this 21 day of April, 2008.

POWER AND BROWN, LLC

*[signature]*

Michele Power, Alaska Bar No. 9510047

LAW OFFICE OF CHRISTINE SCHLEUSS

*[signature]*

Christine Schleuss, Alaska Bar No. 7811132